UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason R. Ripley,                        Civil No. No. 07-4255 (JRT/FLN)

    Plaintiff,

    v.                                **ORDER AND REPORT AND RECOMMENDATION**

Kenneth M. Fry and Marcus Lane,

    Defendants.

_____

Jason Ripley, *pro se*.
Lonnie F. Bryan, Assistant United States Attorney, for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 29, 2008, on Defendants' motion to dismiss [#8] and Plaintiff's motion to amend the complaint [#14]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendants' motion [#8] be granted and orders that Plaintiff's motion [#14] be denied.

**I.     ASSUMED FACTS**

The Plaintiff alleges that the Defendants, IRS Agents, made "material misstatements" in the Affidavit to the Search Warrant authorizing them to search various locations including Plaintiff's house. (Compl. ¶¶ 3-4, 5, Ex. A.) The Plaintiff requests that the Court enjoin Defendants from testifying or presenting evidence before the grand jury or in any judicial proceeding. (Compl. at Relief Requested, ¶ 1.) Plaintiff also requests that this Court convene a grand jury to investigate allegations of violations of 18 U.S.C. § 1001, a statute making it a crime to knowingly and willfully make materially false statements to the government. In considering a motion to dismiss, the Court must assume that all the facts alleged in the complaint are true. (*Id*. at ¶ 2.)   *In re Navarre Corp.*

*Sec. Litig.*, 299 F.3d 735, 738 (8th Cir.2002).

## II. STANDARD OF REVIEW

Defendants move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (U.S. 2007)**.**

## III. LEGAL ANALYSIS

   **A.   Plaintiff's claim that Defendants must be prevented from testifying or presenting evidence before the grand jury or any judicial proceeding must be dismissed because the Anti-Injunction Act bars relief.**

Plaintiff seeks an injunction from the Court forbidding the Defendants from testifying before a grand jury or in any other court proceeding.

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment

or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The statute applies not only to the actual assessment or collection of a tax, but is equally applicable to activities leading up to, and culminating in, such assessment and collection." *Lowrie v. United States*, 824 F.2d 827, 830 (10th Cir. 1987). "Courts have consistently held that the Anti-Injunction Act prohibits injunctions against IRS use of particular types of evidence in assessing or collecting taxes and that it is not limited to suits aimed at the specific act of assessment or collection." *Dickens v. United States*, 671 F.2d 969, 971 (6th Cir. 1981).

The Plaintiff contends in his response to the motion to dismiss that the purpose of his suit is not to restrain the process that would lead to the assessment of tax; he rather is attempting "to deny grand jury access to two demonstrable liars, the Defendants." (Pl. Resp. at 5.) Our Supreme Court has not been sympathetic to claims that the purpose of a plaintiff's lawsuit is not to restrain a tax assessment, but for some other purpose. In *Bob Jones University v. Simon*, 416 U.S. 725 (1974), the Court rejected the university's claim that the purpose of the suit was to maintain "the flow of contributions, not the obstruction of revenue." The Court nevertheless concluded that there was "little doubt that a primary purpose of this lawsuit is to prevent the Service from assessing and collecting income taxes." *Id.* at 738.

Similarly, in *Alexander v. "Americans United," Inc.*, 416 U.S. 752 (1974), the plaintiff claimed that the purpose of the suit was "to determine its charitable status so far as benefactors are concerned," not to prevent the IRS from collecting taxes. *Id.* 767. The Supreme Court gave little credence to this argument, concluding that "[u]nder any reasonable construction of the statutory term 'purpose,' the objective of this suit was to restrain the assessment and collection of taxes from

respondent's contributors." *Id*. at 760.

In this case, the IRS agents were conducting a criminal tax investigation. The culmination of any criminal tax investigation where a prosecutor believes there is sufficient evidence to convict a party is the filing of a criminal case against that party and a possible consequence of a conviction is the assessment or collection of taxes. Plaintiff seeks an injunction from the Court forbidding the Defendants from testifying before a grand jury or in any other court proceeding. As in *Bob Jones* and *Alexander*, the purpose of Plaintiff's suit can reasonably be construed to restrain the assessment and collection of taxes.

### B. Plaintiff's request for the Court to commence a grand jury investigation must be denied.

Plaintiff requests that the Court convene a grand jury investigation to investigate the Defendants' actions and statements. The Court has no authority to order such an investigation. Pursuant to 28 U.S.C. § 516, "the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, *and securing evidence therefor*, is reserved to officers of the Department of Justice, under the direction of the Attorney General. (emphasis added).

### C. Plaintiff's motion to amend the complaint [#14] is denied.

"[A]n amendment to a pleading can be successfully challenged on grounds of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted." *DeRoche v. All American Bottling Corp.*, 38 F.Supp.2d 1102, 1106 (D.Minn.1998).

Plaintiff requests to amend the complaint to add as defendants Assistant United States Attorney Lonnie Bryan, United States Attorney Frank Magill and Attorney General Michael

Mukasey.  He also seeks to amend the complaint to add a request for a declaratory judgment finding that a number of activities conducted in this case by the attorneys for the government and the Court itself are unlawful.  This request is denied because the additional relief sought by Plaintiff in the proposed amended complaint is barred by the Anti-Injunction Act because it constitutes an attempt to restrain the assessment or collection of any tax.  (*See* Part A, Section 2 above).

## IV.   ORDER AND RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend the complaint [#14] is **DENIED**.

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss [#8] be **GRANTED**.


DATED: April 24, 2008                             s/ *Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 13, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 13, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.