UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON R. RIPLEY, | Civil No. 07-4255 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING AND ADOPTING ORDER AND REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| KENNETH M. FRY and MARCUS LANE, | |
| Defendants. | |

Jason R. Ripley, 3318 167th Lane NW, Andover, MN 55304, plaintiff *pro se*.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

This case is before the Court on plaintiff Jason R. Ripley's objections to an Order and Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on April 24, 2008. After a *de novo* review of Ripley's objections to the recommendation of the Magistrate Judge, *see* 28 U.S.C. § 636(b); Local Rule 72.2(b), the Court affirms and adopts the Order and Report and Recommendation of the Magistrate Judge for the reasons set forth below.

**BACKGROUND**

Ripley is the target of a criminal investigation conducted by the Internal Revenue Service ("IRS"). He contends that during the course of this investigation, the defendants,

IRS agents Kenneth M. Fry and Marcus Lane, made material misstatements in an affidavit supporting a search warrant application. This application was granted and a warrant was issued for a search of Ripley's home. Ripley does not allege that he has been indicted in connection with this investigation.

Ripley filed this action requesting that the Court (1) enjoin defendants from testifying or presenting evidence before any grand jury or in any judicial proceeding; and (2) convene a grand jury to investigate whether defendants committed a crime by making materially false statements to the government. Defendants moved to dismiss, arguing that Ripley's claims are not ripe; that this action is barred under the Anti-Injunction Act, *see* 26 U.S.C. § 7421(a); and that this case did not merit an exercise of this Court's equitable powers. The Magistrate Judge recommended dismissing the case, concluding that Ripley's first request is barred by the Anti-Injunction Act and that his second request seeks an intrusion on powers reserved to the executive branch. Ripley now objects to those recommendations.

## ANALYSIS

### I.  STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, such as the one before this Court, review is restricted to the pleadings and affords the non-moving party the

same protections that it would receive under a Rule 12(b)(6) motion to dismiss.  *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  The Court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction.  *See Titus*, 4 F.3d at 593 (citation omitted); *Osborn*, 918 F.2d at 729 n.6.

## II.     RIPENESS[1]

"The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration."  *Pub. Water Supply Dist. No. 8 of Clay County, Mo. v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005).  "Article III limits courts to deciding actual 'Cases' and 'Controversies,' thereby prohibiting them from issuing advisory opinions."  *Id*. (citation omitted).  "One kind of advisory opinion is an opinion advising what the law would be upon a hypothetical state of facts."  *Id*. (quotation omitted).  "As for policy, courts avoid resolving disputes based on hypothetical facts because to do so would be a poor use of judicial resources."  *Id*.  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998).  "Ripeness requires a court to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."

---

[1] Because the Court concludes that Ripley's action is not ripe, it need not consider whether it is barred by the Anti-Injunction Act.

*KCCP Trust v. City of N. Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) (quotation omitted).

This Court has previously considered a nearly identical suit brought by Ripley against two prosecuting attorneys. *See Ripley v. Correll*, No. 07-2305, 2008 WL 835685 (D. Minn. Mar. 27, 2008). There, he argued that those attorneys had conducted themselves inappropriately in the course of their investigation, and that they planned to issue a flawed indictment. *Id.* at *1. Ripley sought preemptive limitations on what may be included in the hypothetical future indictment. *Id*. This Court concluded, however, that Ripley's action was not ripe, noting that the harm he was seeking to prevent – a flawed indictment – was a "contingent future event[] that may not occur as anticipated, or indeed may not occur at all." *KCCP Trust*, 432 F.3d at 899.

Here, too, Ripley is asking the Court to prevent harms that have not yet occurred, and may never occur. In essence, Ripley is concerned that he will be indicted on the basis of flawed evidence. While it is possible that this will occur, it is also possible that it will not, particularly if the evidence is as flawed as Ripley suggests. Moreover, if Ripley is ultimately indicted, he will have ample opportunity to address the disputed search warrant in a motion to suppress. In those circumstances, the Court concludes that Ripley's request to limit testimony – based on a determination concerning the quality of specific evidence – is not yet ripe for adjudication. *See Midkiff v. Paulose*, No. 06-1474, 2006 WL 3804334, at *6 (D. Minn. Dec. 26, 2006) (holding that allegations of misconduct in the course of grand jury proceedings were not ripe until an indictment had

been issued); *Ostrer v. Aronwald*, 434 F. Supp. 379, 393-94 (S.D.N.Y. 1977) (same). Accordingly, Ripley's request is dismissed without prejudice.[2]

### III.   CONVENING OF A GRAND JURY

Ripley also renews his argument that the Court should convene a grand jury to consider defendants' alleged misstatements to the government.  "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."  28 U.S.C. § 516.  In arguing that this Court is "otherwise authorized by law" to convene a grand jury in this case, Ripley points to the general statutory mandate requiring United States attorneys to prosecute crimes.  *See* 28 U.S.C. § 547.  The Court does not agree that this general mandate gives the Court the power to convene a grand jury on the basis of Ripley's mere allegation of a crime.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Phillips v. City of Oakland*, No. 07-3885, 2008 WL 1901005, at *2 (N.D. Cal. Apr. 28, 2008) (noting that a request very similar to Ripley's "would interfere with the executive branch's prerogative to direct enforcement of the

---

[2] The Court adds that if Ripley believes that his home was searched without probable cause, he may also be able to bring an action for damages pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Ripley has not presented such a claim here.

laws, and would not be an appropriate exercise of judicial authority.").[3] Accordingly, Ripley's request to convene a grand jury is dismissed with prejudice.

## IV. MOTION TO AMEND

The Magistrate Judge also denied Ripley's request to amend his complaint, concluding that Ripley's proposed amendments only sought further relief barred by the Anti-Injunction Act. This Court will reverse a Magistrate Judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). Here, Ripley has raised no objection to that ruling other than to generally allege that the Magistrate Judge "has rewritten" his amended complaint, which sought to add additional parties and allege further improprieties on the part of government employees. This vague assertion does not identify how his amended complaint was "rewritten" and does not offer any explanation of how his amendments would overcome the obstacles outlined above. In short, Ripley has provided the Court with no basis for concluding that the Magistrate Judge's ruling was in error. Accordingly, Ripley's objection to that conclusion is overruled, and the Magistrate Judge's denial of Ripley's motion to amend is affirmed.

---

[3] Ripley criticizes the Magistrate Judge for failing to consider *In re Application of Wood*, 833 F.2d 113, 116-17 (8th Cir. 1987). *Wood*, however, is readily distinguishable. There, the trial court threatened to allow an accuser to present evidence to a grand jury if the prosecutor did not present that evidence in accordance with the Court's special instructions. In that case, however, the criminal allegations at issue had already been brought before the grand jury by the United States Attorney. *Id*. at 114-15. Here, Ripley seeks a much greater intrusion on the executive branch by seeking the initiation of a new criminal investigation.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 29] and **AFFIRMS** and **ADOPTS** the Order and Report and Recommendation of the Magistrate Judge dated April 24, 2008 [Docket No. 27].

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss [Docket No. 8] is **GRANTED**. To the extent that Ripley's complaint seeks an order convening a grand jury to investigate alleged crimes committed by the defendants, his complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**. In all other respects, his complaint is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's motion to amend the complaint [Docket No. 14] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 29, 2008　　　　　　　　\_\_\_\_s/ John R. Tunheim\_\_\_\_
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge